**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 22 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>OLAF JAMES HAUGEN,<br><br>Defendant-Appellant. | No. 16-30137<br><br>D.C. No.<br>1:15-cr-00005-SPW-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 16, 2017[**]
Seattle, Washington

Before: BYBEE and M. SMITH, Circuit Judges, and DORSEY,[***] District Judge.

Haugen appeals his jury conviction of aggravated sexual abuse and the

sentence imposed by the district court.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jennifer A. Dorsey, United States District Judge for the District of Nevada, sitting by designation.

1.    We affirm a jury conviction if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).   The evidence is adequate to support Haugen's conviction for aggravated sexual assault, which required the jury to find that the defendant knowingly used force to cause the victim to engage in a sexual act.  18 U.S.C. § 2241.  Testimony from the victim at trial could have led the jurors to determine both the elements of "sexual act" and "force" were met beyond a reasonable doubt.

2.    The district court's within Guidelines range sentence was "reasonable" and not "procedurally erroneous or substantively unreasonable." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).  The district court refused to consider a factual and credibility question raised by Haugen at sentencing.  The decision not to allow the testimony at sentencing was not a procedural error, as there is no clear error and this court is not "left with the definite and firm conviction that a mistake has been committed."  *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  The decision also does not affect the substantive

reasonableness of the sentence, because taking into account the totality of the circumstances, the district court did not abuse its discretion in determining the testimony was irrelevant to sentencing and a matter for the jury and imposing the within Guidelines range sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**